19-3519-cv
*Penn-Star Insurance Company v. Greater New York Mutual Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:   RALPH K. WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                   *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PENN-STAR INSURANCE COMPANY,

        *Plaintiff-Counter-Defendant-Appellee,*


              -v-                                        19-3519-cv

DECLAN McELHATTON, MAINTENANCE ASSET
MANAGEMENT INC., DANIEL McELHATTON,
              *Defendants-Counter-Claimants,*


              -v-

GREATER NEW YORK MUTUAL INSURANCE
COMPANY,

*Intervenor-Defendant-Appellant.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR INTERVENOR-DEFENDANT-APPELLANT:   MICHAEL S. CHUVEN (Justin N. Kinney, *on the brief*), Kinney Lisovicz Reilly & Wolff P.C., New York, New York.

FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE:   BRAD C. WESTLYE, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Proposed intervenor-defendant-appellant Greater New York Mutual Insurance Company ("GNY") appeals from the memorandum and order of the district court, entered September 25, 2019, denying its motion for intervention as of right or, in the alternative, for permissive intervention, pursuant to Federal Rules of Civil Procedure 24(a) and 24(b), and granting the motion of plaintiff-counter-defendant appellee Penn-Star Insurance Company ("Penn-Star") for entry of judgment pursuant to Federal Rule of Civil Procedure 68. The district court denied GNY's motion on the

---

[*]   The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

ground that it was not timely made. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On August 25, 2017, Penn-Star commenced this action against defendants-counter-claimants Maintenance Asset Management Inc. ("Maintenance"), Declan McElhatton, and Daniel McElhatton seeking to rescind a general liability insurance policy (the "Policy") it had issued to Maintenance. On April 11, 2017, a fire occurred at 56-11 94th Street, Elmhurst, New York (the "Premises") allegedly as a result Maintenance's negligence in performing construction work on the roof. Penn-Star contended that the Policy was void because at the time of its issuance, Maintenance concealed that it was routinely performing roofing repairs, highly hazardous work, and that Penn-Star would not have issued the Policy had it been rightly informed.

At the time of the fire, GNY insured the owner and agent of the Premises, 56-11 94th Street Co., LLC ("56-11") and Algin Management Co., LLC ("Algin"), respectively. Algin and 56-11, however, were also listed as named insureds on the Policy. Because the fire resulted in the filing of multiple lawsuits -- lawsuits for which GNY had an obligation to defend Algin and 56-11 under its own policy absent alternative sources of coverage -- GNY tendered a demand for coverage related to damages from the fire to Penn-Star on May 4, 2017.

Penn-Star and GNY communicated several times after GNY's initial coverage demand, and in at least four of those communications, Penn-Star explicitly

3

referred to this rescission action. Specifically, between November 28, 2017 and April 30, 2018, Penn-Star sent three letters and one email to GNY in which it referenced its pending litigation with Maintenance. Although GNY disputed receipt or awareness of at least two of Penn-Star's letters, it conceded receipt of an email from Penn-Star on March 6, 2018 that made explicit reference to its pending "coverage litigation" with Maintenance, disputing only whether the language of the email was sufficiently clear to put it on notice of the nature of the action. App'x at 477.

Meanwhile, discovery in this action was underway and on September 13, 2018, Penn-Star informed the district court that it had accepted an offer of judgment from Maintenance pursuant to Federal Rule of Civil Procedure 68. Notably, Maintenance agreed in the offer of judgment to declare the Policy void *ab initio*. On September 25, 2018, Penn-Star moved for entry of judgment and on October 9, 2018, Maintenance responded that it did not oppose the motion. That same day, GNY filed a motion to intervene as of right, or, in the alternative, for permissive intervention, contending that it had an interest in the action and would be prejudiced by the entry of judgment.

The district court referred the motion to a magistrate judge (Tiscione, *M.J.*) who issued a Report and Recommendation ("R&R") recommending that the motion be granted. Although the magistrate judge determined that GNY knew or should have known about the rescission action before September 13, 2018, it nonetheless

4

recommended granting the motion because, in its view, GNY could not have known that its interests were not adequately represented, and thus could not have intervened, until Maintenance's offer of judgment had been submitted to the court on September 13, 2018.

In a memorandum and order entered September 25, 2019, however, the district court overruled the R&R, held that GNY's motion was not timely, and denied it. The district court concluded that GNY knew or should have known of its interest in the litigation for at least seven months, and that GNY could have, in fact, intervened well before the filing of the offer of judgment. Moreover, the district court concluded that GNY could not rely on Maintenance to represent its interests because their ultimate objectives were different: Maintenance sought to uphold the Policy to protect itself from potential liability, while GNY sought to establish Maintenance's liability for the fire so that it could pursue a right of contribution under the Policy. The district court further concluded that permitting intervention on the eve of settlement would result in substantial prejudice to Maintenance and Penn-Star, and that, although GNY would also be prejudiced by denial, GNY's prejudice could have been avoided. Because timely filing is also a prerequisite to permissive intervention, the district court denied GNY's motion for permissive intervention on the same ground.

This appeal followed.

5

## DISCUSSION

### I.     Applicable Law

We review the denial of a motion to intervene, "whether as of right or by permission, for abuse of discretion." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000).   Federal Rule of Civil Procedure 24(a) provides for intervention as of right where a movant claims an interest in the litigation and "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a).  Rule 24(b), in turn, provides for permissive intervention, at the discretion of the court, to "anyone . . . who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)

To intervene under either provision, "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).   The "[f]ailure to satisfy *any one* of these [four] requirements is a sufficient ground to deny the application."  *Id.* at 241 (quoting *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003)).

In assessing timeliness, the first requirement, courts consider "(a) the length of time the applicant knew or should have known of its interest before making

6

the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1058 (2d Cir. 2014). "The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594-95 (2d Cir. 1986).

II.    *Analysis*

GNY contends principally that the district court abused its discretion in denying its intervention motion on timeliness grounds because the motion was filed just twenty-six days after GNY purportedly first learned of its interest in the litigation. We disagree and affirm.

The record demonstrates that GNY knew or should have known about this litigation from at least March 6, 2018, when, as it acknowledges, it received an email from Penn-Star referencing the ongoing rescission action. *See* Supp. App'x at 33. GNY argues that it could not have known its interest was not being represented by Maintenance until it learned from the offer of judgment that Maintenance was no longer fighting rescission. This argument fails, however, because GNY should have known that Maintenance was not representing its interests from the outset. While both Maintenance and GNY wanted the Policy to be upheld, their *interests* for seeking such an outcome were distinct. As the district court aptly observed, Maintenance was

7

seeking to uphold the Policy "to protect itself from potential liability" while GNY was seeking "to establish [Maintenance's] liability for the fire and pursue a right of contribution under the Policy."  S. App'x at 24; *see also* S. App'x at 25 ("It would be strange indeed for the law to require GNY to rely on a third party to protect its interests when that same party may cause GNY to pay more than $1,000,000 in damages.").

Thus, GNY knew or should have known for months before it filed its motion that Maintenance did not share its interests.  The district court did not abuse its discretion in finding that factor weighed against a finding of timeliness.  *See Floyd*, 770 F.3d at 1058 (affirming the denial of a motion to intervene after concluding that the proposed intervenors knew or should have known of their interests "well before they filed their motions").

GNY also contends that the district court gave too much weight to the prejudice Management and Penn-Star would face were it to grant GNY's motion.  We are not persuaded.  GNY moved to intervene on the eve of settlement, after two years of litigation and negotiation, and Penn-Star and Management would have been prejudiced by GNY's belated intervention on that basis alone.  *See Yonkers Bd. of Educ.*, 801 F.2d at 596 ("[P]ost-judgment intervention . . . is generally disfavored because it usually creates delay and prejudice to existing parties.").  Moreover, the potential prejudice was even greater here because Maintenance had already agreed to rescission, meaning that delaying entry of judgment could lead to Penn-Star having to furnish a defense to

8

Maintenance in the underlying tort actions under a Policy that might ultimately be declared void *ab initio*. The district court acknowledged GNY's prejudice as well, but it nonetheless determined that the "totality of the circumstances" weighed in favor of denial because GNY's prejudice, unlike the prejudice to Penn-Star and Management, was avoidable. S. App'x at 26. That determination fell within the bounds of the district court's discretion, and we will not disturb it here.

\* \* \*

We have considered GNY's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9